**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **JOSE DIAZ and RAMON PENA,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | No. 08 C 6814 |
| | ) | |
| v. | ) | Judge Ronald A. Guzmán |
| | ) | |
| **KRAFT FOODS GLOBAL, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

One of the claims plaintiffs assert is that Kraft refused to hire them as technicians because they are Hispanic. However, unlike a plaintiff in a typical failure-to-hire suit, Diaz and Pena do not allege that they applied, and were discriminatorily rejected, for the technician job. Rather, they allege that Kraft refused to let them even apply for the job because they are Hispanic. If the jury finds that to be true, plaintiffs argue, they are entitled to, among other things, back pay in the amount they would have earned as technicians. In Kraft's view, a jury finding that plaintiffs were denied the chance to apply for the job because of their race does not automatically entitle them to back pay. Instead, Kraft argues, plaintiffs can obtain such relief only if they prove that Kraft would have chosen them for the job, rather than any other applicants, if they had been allowed to apply. Plaintiffs say Kraft's method would require them to prove discrimination twice; that is, to show that Kraft kept them from applying because of their race and, even if it had not done so, would have refused to hire them because of their race. Kraft argues that plaintiffs' method would give them a remedy for discrimination, back pay, without proof that they would have been hired even if race had not been a factor.

Though the methods of proof espoused by the parties are quite different, the assumption underlying them is the same – that both of Kraft's alleged actions, refusing to let plaintiffs apply for the technician position and failing to hire them for it, give rise to a single claim. In fact, Title VII makes each actionable:

> It shall be an unlawful employment practice for an employer –
> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
> (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C. § 2000e-2(a). Thus, plaintiffs have two claims, one or for deprivation of employment opportunity and the other for failure to hire.

Given the parties' characterization of the evidence, it appears that each of these is a "typical" discrimination claim, *i.e.*, one in which defendant denies that race played any role in the challenged decision, not a "mixed motives" claim, *i.e.*, one in which defendant denies that race was the sole basis for the decision. *See Rapold v. Baxter Int'l Inc.*, No. 11-275, __ F.3d __, 2013 WL 336658, at *8 (7th Cir. Jan. 30, 2013) (stating that the trial court determines whether a claim involves mixed motives based on the evidence adduced at trial). Thus, to prevail on the denial-of-opportunity claim, plaintiffs must prove by a preponderance of the evidence that Kraft did not allow them to apply for the technician position because of their race. *See* Seventh Circuit Civil Pattern Jury Instruction § 3.01. If they do so, they can recover any compensatory damages they prove that they suffered as a result. *Id.* § 3.09. However, the Court cannot award them technician-based back pay, if Kraft's hiring decision was based on "any reason other than" discrimination. *See* 42 U.S.C. §

2

2000e-5(g)(2)(A). In other words, to get an award of back pay for this claim, plaintiffs must prove that absent Kraft's discriminatory refusal to let them apply for the technician position, Kraft would have hired them.

Similarly, with respect to the failure-to-hire claim, plaintiffs must prove by a preponderance of the evidence that Kraft did not hire them for the technician job because of their race. *See* Seventh Circuit Civil Pattern Jury Instruction § 3.01. If they do so, they can recover any compensatory damages they suffered, and technician-based back pay, if they prove that Kraft would have hired them if they had applied and not been Hispanic. *Id.* § 3.09; 42 U.S.C. § 2000e-5(g)(2)(A).

In sum, plaintiffs have two claims with respect to the technician job, a deprivation-of-employment-opportunity claim and a failure-to-hire claim. Unless the evidence at trial dictates otherwise, the Court will use Seventh Circuit Civil Pattern Jury Instruction § 3.01, which gives plaintiffs the burden of proving liability and damages by a preponderance of the evidence, for both claims. Moreover, though not an issue for the jury, plaintiffs can obtain an award of back pay only if they prove by a preponderance of the evidence that Kraft would have hired them as technicians if it had allowed them to apply for the job or if they had applied and had not been Hispanic, respectively.

SO ORDERED.  ENTER: February 19, 2013

**HON. RONALD A. GUZMAN**
**United States District Judge**

3