# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOSE DIAZ and RAMON PENA, ) | |
| ) | Case No. 1:08-cv-6814 |
| Plaintiffs, ) | |
| ) | Judge Guzman |
| v. ) | |
| ) | |
| KRAFT FOODS GLOBAL, INC., ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW

Defendant, Kraft Foods Global, Inc., pursuant to Rule 50(a) of the Federal Rules of Civil Procedure, requests that the Court enter judgment as a matter of law. In support of this motion, Kraft states as follows:

1. In considering whether to enter judgment as a matter of law under FRCP 50(a), the court "must consider the evidence in the light most favorable to the non-moving party to determine whether there [is] no legally sufficient evidentiary basis for a reasonable jury to find for the non-moving party." *Freeman v. Madison Metropolitan Sch. Dist.*, 231 F.3d 374, 379 (7th Cir. 2000).

2. Plaintiffs, Jose Diaz and Ramon Pena, claim that they were not permitted to apply for a Senior Technician position at Kraft in the fall of 2008, and that the reason they were not permitted to apply is because they are Hispanic (i.e., a denial of opportunity claim). Plaintiffs also allege that they were not hired for a Senior Technician position because of their race (i.e., a failure to hire claim).

3. In order to establish the denial of opportunity race discrimination claim, Plaintiffs must first show that they were not permitted to apply for the position. However, no evidence

was presented by Plaintiffs that they were not permitted to apply. Plaintiffs testified only that Mr. Michalec *told them* that they were not permitted to apply. But Plaintiffs further testified that they were aware the positions were going to be open, that there were other means of applying (e.g., via computer as they had done before) and that they did not pursue other avenues available to them in order to apply. They knew that they could contact Human Resources directly in order to submit an application, and that Mr. Michalec did nothing to prevent them from contacting Human Resources. Accordingly, there is no evidence that Plaintiffs were denied the ability to apply for the Senior Technician position.

4. In addition, even if Plaintiffs could establish that they were denied the opportunity to apply for a Senior Technician position, their denial of opportunity claim would still fail because they presented no evidence that they would have had a significant chance of being the one actually selected for a Senior Technician position in the absence of the alleged racial bias. *Alexander v. City of Milwaukee*, 474 F.3d 437, 450-52 (7th Cir. 2007); *Murray v. Village of Hazel Crest*, 2011 U.S. Dist. Lexis 10284, *19-20 (N.D. IL, January 31, 2011)(Hart, J.)(dismissing plaintiffs' lost opportunity promotion claim because plaintiffs failed to point to evidence that they had any significant chance of being the one actually selected for promotion).

6. In order to establish the failure to hire claim, Plaintiffs must first show that they applied for the position. *Koszola v. Board of Education of the City of Chicago*, 385 F.3d 1104, 1110 (7th Cir. 2004)(to establish a failure to hire claim, plaintiff must show evidence that he applied for, and was qualified for, an open position); *Bennett v. Roberts*, 295 F.3d 687, 694-95 (7th Cir. 2002)(same). However, Plaintiffs' testimony establishes that they did not apply for the Senior Technician position in the fall of 2008.

2
226923.2

7. Because Plaintiffs cannot establish a necessary element of either their denial of opportunity claim or their failure to hire claim, Kraft is entitled to judgment as a matter of law.

Dated: March 1, 2013

Respectfully submitted,

 /s/ Christy E. Phanthavong
One of the Attorneys for Defendant,
KRAFT FOODS GLOBAL, INC.


Mary Margaret Moore
Christy E. Phanthavong
Bryan Cave LLP
161 North Clark Street, Suite 4300
Chicago, Illinois 60601
(312) 602-5000
(312) 602-5050 [facsimile]
mimi.moore@bryancave.com
christy.phanthavong@bryancave.com

**CERTIFICATE OF SERVICE**

I, Christy E. Phanthavong, an attorney, certify that on March 1, 2013, I served a true and correct copy of the foregoing *Defendant's Motion for Judgment As a Matter of Law* upon the following via the court's electronic filing system:

>Michael Steigmann
>Law Offices of Michael Steigmann
>70 West Madison Street, Suite 1515
>Chicago, IL  60602
>michael@steigmann.com

                                               /s/   Christy E. Phanthavong
                                               Christy E. Phanthavong