**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOSE DIAZ and RAMON PEÑA, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 08 C 6814 |
| | ) | |
| v. | ) | Judge Ronald A. Guzmán |
| | ) | |
| KRAFT FOODS GLOBAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs have filed a Federal Rule of Civil Procedure 59 motion for a new trial on their discrimination claims. They contend a new trial is warranted because the Court incorrectly instructed the jury. "To win a new trial based on an erroneous jury instruction, [plaintiffs] must show that: 1) the instructions did not adequately state Seventh Circuit law and 2) [plaintiffs were] prejudiced by the error because the jury was likely confused or misled." *Susan Wakeen Doll Co., Inc. v. Ashton Drake Galleries*, 272 F.3d 441, 452 (7th Cir. 2001).

The contested instruction provides in relevant part:

> Plaintiffs claim that Defendant did not allow them to apply for the technician job because of their race, Hispanic. To succeed on this claim, a Plaintiff must prove by a preponderance of the evidence that Defendant did not allow him to apply for the technician job because of his race, Hispanic. To determine that a Plaintiff was not allowed to apply for the technician job because of his race, you must decide that the Plaintiff was not allowed to apply for the technician job and Defendant would have allowed the plaintiff to apply for the technician job if he had not been Hispanic but everything else had been the same.

(Jury Instructions at 21.) Plaintiffs contend that requiring them to prove that they were not allowed to apply for the job because of their race impermissibly increased their burden of proof. They say the law permits them to prevail if they were "limited, segregated or classified" in any way as applicants for the technician position because of their race. (Mot. New Trial at 9.)

That may be an accurate statement of the law, but it does not accurately reflect plaintiffs' trial presentation. The only limitation on their quest for the technician job about which the jury heard was Michalec's refusal to let them apply. That is what plaintiffs' counsel said in his opening, what each plaintiff testified to and what counsel argued in closing. Accordingly, the instruction was appropriately framed to reflect the evidence and argument plaintiffs offered.

Alternatively, plaintiffs argue that the instructions should not have made consideration of the hiring claim contingent on the success of the application claim. (*See* Jury Instructions at 21 ("If you find for a Plaintiff on this [application] claim, then you will go on to consider whether Defendant refused to hire that Plaintiff for the technician job because of his race.").) Though the jury did not believe that Michalec kept them from applying, plaintiffs say it may have credited their evidence that Michalec would not have considered them for the job even if they had applied. Moreover, if it believed that Michalec's racism would have made it futile for them to apply, the jury still could not give them any relief because the instructions barred it from considering the failure-to-hire claim once it rejected the application claim.

Again, however, the record refutes plaintiffs' claim. The only evidence they offered to support their futility argument is that which the jury squarely rejected – their testimony that Michalec told them they could not apply. Thus, even if the jury should have been instructed to consider the failure-to-hire claim if plaintiffs proved that it would have been futile for them to apply, plaintiffs were not prejudiced by the omission.

## Conclusion

For the reasons set forth above, the Court denies plaintiffs' motion for a new trial [267].

2

**SO ORDERED.**  ENTERED: June 5, 2013

```
_____
```
**HON. RONALD A. GUZMAN**
**United States District Judge**